# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 106-7-14 Vtec |

| | |
|---|---|
| Natural Resources Board,<br>    Petitioner<br><br>v.<br><br>Stratton Corporation,<br>    Respondent | DECISION ON MOTION |

## Decision on Motion for Partial Summary Judgment and Motion to Stay Discovery

Treetop Development Company, LLC, Treetop Three Development Company, LLC, Intrawest Stratton Development Corporation, and The Stratton Corporation (collectively, Stratton) received Act 250 Land Use Permit # 2W1142 (the Permit) from the District 2 Environmental Commission (the Commission) for the development of 25 three-unit townhouse buildings near Stratton Mountain in the Town of Stratton, Vermont (the Project) on November 18, 2002. Stratton failed to construct the project in accordance with the Permit and did not receive written approval for the alterations. Some of the alterations were to the stormwater management systems, which the Permit required be constructed in conformance with stormwater discharge permits previously granted to Stratton by the Agency of Natural Resources (ANR). On March 12, 2012, Stratton applied for an Act 250 permit amendment to remedy all violations and restore the Project site. On October 21, 2013, the Commission issued Land Use Permit Amendment # 2W1142-D to address the remediation and alterations (the Permit Amendment). This Permit Amendment was not appealed and is therefore final.

Stratton's failure to receive advance approval of the alterations to the Project and their failure to construct the Project as permitted are violations of Act 250. The Natural Resources Board (NRB) and Stratton entered into an Assurance of Discontinuance on July 15, 2014 (the AOD) to resolve the Permit violations and address Stratton's failure to obtain the Permit Amendment prior to altering the Project. The AOD requires Stratton to comply with the Permit

1

and the Permit Amendment, take certain actions to bring the project site into compliance with all permit conditions and regulations, pay a civil penalty, and reimburse the NRB and ANR for the cost of enforcement.

The Treetop at Stratton Condominium Association, Inc. (the Association), representing the interests of the owners of the Project's townhouse condominium units, participated in the various Act 250 proceedings. The Association expresses an interest in ensuring that the Project infrastructure, especially the stormwater management system and erosion control elements, are constructed in conformance with the Permit, Permit Amendment, and all applicable regulations.

This Court, by its November 14, 2014 entry order, granted the Association's motion to intervene in the enforcement proceeding pursuant to 10 V.S.A. § 8020. NRB v. Stratton Corp., No 106-7-14 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Nov. 14, 2014) (Walsh, J.). In a decision dated April 10, 2015 the Court determined that the scope of the matter before the Court is limited to the violations contained in the AOD which are: 1) fire truck access, 2) retaining walls and tree clearing, and 3) the stormwater detention basin and conveyance system. NRB v. Stratton Corp., No 106-7-14 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2015) (Walsh, J.). The Court also determined, in a separate appeal related to the Permit Amendment, that because the Permit Amendment was not appealed, it was final and binding on all parties. The Court, in denying the Association post-judgment relief, also recognized that the issues raised by the Association in that appeal related to:

> [W]hat [the Association] allege[d] to be a fundamental failure of the Permit Amendment to ensure compliance with Act 250. As we noted in our prior decision, the Commission is statutorily required to make positive findings under all Act 250 Criteria before issuing a permit. 10 V.S.A. § 6086(a). By its plain language the Permit Amendment made these findings.

In re Treetop Dev. Co. Act 250, No. 77-6-14 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Mar. 25, 2015) (Walsh, J.).

Stratton now moves for partial summary judgment in this matter, arguing that based on the unappealed Permit Amendment and the prior decisions of this Court, it is entitled to judgment as a matter of law regarding any remedial measures necessary to bring the project into compliance as that issue was fully resolved by the Permit Amendment. The Association

opposes the motion and argues that the Court is still legally authorized to review the alleged violations. The Association asserts the following:

> Stratton Corporation has continued to resist making a good faith and comprehensive attempt to cure its permit violations and instead has filed incomplete and inadequate plans and specifications with the District 2 Environmental Commission, conducted its work to correct the permit violations in a deficient and defective manner, and attempted to avoid responsibility for permit and regulatory compliance by claiming that the vague and inconclusive decision of the District 2 Environmental Commission in issuing Act 250 Permit #2W1142-D [the Permit Amendment] prevents the Environmental Division from conducting a thorough and comprehensive review of Stratton Corporation's violations or requiring Stratton Corporation to do all work necessary to correct all of its violations.

(Response to Stratton's Mot. for Partial Summ J. at 8, filed May 28, 2015). Here, again, the Association misconstrues the legal effect of the Permit Amendment, the scope of the AOD, and the issues remaining in this appeal.

While the Association continues to assert that the Permit Amendment failed to adequately address the deficiencies in the construction of the project following the original permit, the fact remains that the Association did not appeal the Permit Amendment, which renders it final and binding. As noted above, this Court has already determined that the Permit Amendment brings the project into compliance with Act 250. Treetop Dev. Co. Act 250, No. 77-6-14 Vtec, slip op. at 2–3. As final adjudications of this issue, involving the same parties, and throughout which all parties have had ample opportunity to litigate the issue, both the Permit Amendment and this Court's decisions in Docket No. 77-6-14 Vtec preclude relitigation of the issue in this appeal. See In re Cent. Vt. Pub. Serv. Corp., 172 Vt. 14, 20 (2001) (citing State v. Dann, 167 Vt. 119, 126 (1997)) (setting out elements of collateral estoppel).

The scope of the AOD is limited to the violations that pre-date the Permit Amendment. Furthermore, by its plain terms the AOD requires Stratton to comply with all requirements of the Permit Amendment and to submit plans to ANR indicating compliance. While the Association raises issues of compliance with the Permit Amendment in its opposition to Stratton's motion for partial summary judgment, that issue is not before the Court. It is within the sole authority of the NRB to enforce the Permit Amendment. If the work required by both

the Permit Amendment and the AOD is not completed, it will be up to the NRB to enforce those directives. This is outside the scope of this enforcement action.

For the above stated reasons, Stratton's motion for partial summary judgment is **GRANTED**. The sole issue remaining in this matter is a determination of whether the AOD is sufficient to carry out the purposes of the Vermont environmental enforcement statutes with respect to administrative penalties, considering the factors set out in 10 V.S.A. § 8010. See 10 V.S.A. § 8020(h) (establishing the scope of intervention in an administrative enforcement action).

## Motion to Stay Discovery and Scheduling Order

Stratton and the NRB have also filed a joint motion to stay discovery and this Court's scheduling order pending resolution of the motion for summary judgment. As the Court hereby grants Stratton's motion for summary judgment, the motion to stay discovery is **DENIED**. Stratton and the NRB both must timely respond to any discovery requests by the Association with the understanding that such discovery must be limited to the issues that remain in this matter as a result of this decision.

## Conclusion

For the reasons stated in greater detail above, the issue of whether the remedial measures required by the Permit Amendment resolve the violations contained in the AOD has been fully litigated and adjudicated in Stratton's favor. Stratton's motion for partial summary judgment is therefore **GRANTED**. The joint motion to stay discovery is **DENIED** and any discovery necessary to allow the parties to prepare for final adjudication of the issues left unresolved by this decision must proceed promptly.

As the issues remaining for trial are limited to the penalty factors set out in 10 V.S.A. § 8010, the Court sets this matter for a single day of trial per the enclosed notice.

Electronically signed on July 13, 2015 at 12:23 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

4